(Continued from Page 802)
**941. PRACTICE AND PROCEDURE.**
See 920. Physicains and Surgeons. Seitz v. Ohio Medical Board, OA. 5 Abs. 813.
**997. REAL ESTATE.**

See 1100. Specific Performance. Kiles et v. Brackney, OA. 5 Abs. 807.
**997. REAL ESTATE.**
See 1197 Trusts and Trustees, Simmer et v. Supreme Council, OA. 5 Abs. 808.
**1027. RES ADJUDICATA.**
Requires identity of subject matter, cause of action, persons and parties, and identity in quality of persons for or against whom claim is made. Cannot be determined on mere motion for dismissal, upon statement of counsel. Sapienza v. Fertel, OA. 5 Abs. 809.
**1053. ROADS AND HIGHWAYS.**
Section 3723 GC. not limitation on powers of municipality to open and improve streets, but restriction on power of others to impose burdens and responsibilities on corporation. Village may contract with company, desiring to open allotment, for improvement of streets therein, and has right of action for breach of contract. (See also 797. Municipal Corporations; 753. Measure of Damages; 165. Bonds.) Bay (Vil.) v. U. S. Fid. & Guar. Co., OA. 5 Abs. 814.
**1100. SPECIFIC PERFORMANCE.**
Specific performance of contract for sale of real estate, not enforceable when there is cloud on title. Kiles et v. Brackney, OA. 5 Abs. 807.
**1104. STATUTES.**
Section 2365-4 GC. must be construed together with 2365-1 GC. in considering legislative intent. Legislative intent gathered from all provisions of law bearing on the subject matter, and not from independent and isolated passages. Standard Oil Co. v. Det. Fid. & Surety Co., OA. 5 Abs. 813.
**1123. SUBROGATION.**
See 647. Insurance. General Cas. & Sur. Co. v. Skiff, OA. 5 Abs. 805.
**1197. TRUSTS AND TRUSTEES.**
Deed to Trustees, and their successors, of unincorporated lodge, valid. Simmer et v. Supreme Council, OA. 5 Abs. 808.
**1223. VACATION.**
Granting that void order might be set aside after term, on motion of parties aggrieved, such judgment could not be so set aside except when record, upon its face, disclosed elements which rendered it void. Gobeills et v. Wheelan, Admr., OA. 5 Abs. 811.

---

### No. 905
### LUCIC v. HITI et.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 8483. Decided Nov. 21, 1927.
First Publication of this Opinion.
Syllabus by Editorial Staff.
**941. PRACTICE AND PROCEDURE—**
1. Filing of bill of exceptions not jurisdictional matter.
2. Failure to file within forty days from date of overruling motion for new trial, not ground for dismissal of proceedings in error.
**730. LOANS—**Bonus of 10%, voluntarily paid, cannot be recovered.
Error to Municipal Court.
Judgment reversed.
C. R. Riemenschneider, Cleveland, for Lucic.
L. Kushan, Cleveland, for Hiti, et.
STATEMENT OF FACTS.

This action comes into this court on a petition in error to the Municipal Court of the City of Cleveland, and is to reverse a judgment rendered in favor of plaintiff below, the defendant in error here.

The record is a rather peculiar one and we are called upon to decide two questions, the first going to the question as to whether the case is rightfully in this court. A motion was made to dismiss the proceedings in error be-

cause the bill of exceptions was not filed within forty days from the date of the overruling of the motion for a new trial. Within forty days after the motion for a new trial was overruled in the court below, a bill of exceptions was filed properly in the court below and was approved by the trial judge and signed as a true bill of exceptions. The transcript shows that the petition in error, the transcript of the proceedings, and the bill of exceptions were filed in this court on the 58th day after the overruling of the motion for a new trial.

The other question is an interesting question of law. It seems that the plaintiff below desired to borrow some money and he had difficulty in getting it and went to the defendant below, plaintiff in error here, and was told that he would raise $3,000 for him, but he must have a bonus of 10%. Apparently this was agreeable, and the note was made out and signed for $3,000, and the proceeds of loan less the bonus, namely $2,700, was paid over to the plaintiff below. Subsequently he paid the interest upon $3,000 and subsequently paid the entire amount including interest, and then brought his suit to recover the $300 thus paid as a bonus.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

VICKERY, J.

It is conceded that the petition in error and this transcript were filed in time, but it is claimed that the bill of exceptions must be filed within forty days from the overruling of the motion. We do not so understand the law. The filing of a bill of exceptions is not a jurisdictional question. The record shows that it was filed properly in the court below and was signed properly, and it was filed in this court within sixty days, with the petition in error and the transcript. The petition in error and the transcript are jurisdictional, and if they had not been filed within time this court would have not assumed jurisdiction of the case. The jurisdiction was assumed from the filing of the petition in error and the transcript. The bill of exception merely raises other questions and it was properly filed in this court within sixty days from the time when the motion was overruled, and so there would be no purpose in having the bill of exceptions filed before this court had assumed jurisdiction of it, and so we are compelled to overrule this motion.

In his original statement of claim, plaintiff alleged that he had paid the money. In the amended petition he left that out but the evidence shows that it was all paid and it was a suit brought to recover this money. The evidence shows that it was paid without any protest. It was paid voluntarily and we do not understand how money paid voluntarily under such circumstances can be recovered. It is not necessary for us to hold whether the bonus was legal or illegal. It is a matter which the plaintiff below had the right to refuse to pay in the first instance, but he accepted the loan and permitted the bonus to be deducted from the full amount and subsequently paid the full amount voluntarily and he is not entitled to recover it back.

(Sullivan, PJ., and Levine, J., concur.)